IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE LEE, | No. C-09-3906 TEH (PR) |
|     Petitioner, | |
|     v. | ORDER OF DISMISSAL |
| PAUL COPENHAVER, Warden, et. al., | |
|     Respondent(s). | |

Petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution ("FCI"), Dublin, and proceeding pro se, has filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. #1. Petitioner is in the custody of the Bureau of Prisons ("BOP") following her 2008 convictions of two counts of mail fraud and three counts of attempted witness tampering.[1] Id. at 15. Petitioner has paid the filing fee.

Petitioner challenges the decision by the FCI Warden

---

[1] Her projected release date is December 11, 2009. Id.

1  refusing to exercise the discretion granted the BOP under 18 U.S.C.
2  §§ 3621 & 3624 to transfer Petitioner to a Residential Reentry
3  Center ("RRC") for a period beginning five months before the
4  expiration of her sentence.[2]  Doc. #1.  As explained below, the
5  Petition is subject to dismissal for failure to exhaust
6  administrative remedies.

7  Although § 2241 does not specifically require petitioners
8  to exhaust available remedies before filing petitions for a writ of
9  habeas corpus, the Ninth Circuit "require[s], as a prudential
10 matter, that habeas petitioners exhaust available judicial and
11 administrative remedies before seeking relief under § 2241."  Laing
12 v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).

13 The BOP has established procedures by which prisoners can
14 seek review of "an issue relating to any aspect" of a prisoner's
15 confinement.  28 C.F.R. § 542.10.  The procedures apply to all
16 prisoners in programs operated by the BOP.  Id.  The first level of
17 review is "Informal Resolution" at the institutional level.  Id. §
18 542.13.  A prisoner who is not satisfied with the warden's response
19 resulting from the Informal Resolution process may then submit an
20 appeal to the Regional Director.  Id. § 542.15.  A prisoner who is
21 not satisfied with the Regional Director's response may submit an
22 appeal to the General Counsel of the BOP.  Id.  Once the General
23 Counsel responds to and signs the appeal, the prisoner has exhausted

---

[2] Based on information contained in a document Petitioner filed with the Court on September 22, 2009, it appears that the Warden's decision was upheld by the Regional Director and that Petitioner appealed the Regional Director's decision on September 20, 2009, but has not yet received a response.  See Doc. #3.

administrative remedies.  See id. § 542.11.

Here, Petitioner states that she was "*in the process of exhausting her administrative remedy* through the BOP's administrative appeals process" when she filed the instant Petition. Doc. #1 at 3, emphasis added.  Documents attached to her Petition show that she sought Informal Resolution and, then, because she was not satisfied with the institutional response, appealed that decision to the Regional Director on July 29, 2009.  Doc. #1 at 17 & 18.  On September 22, 2009, almost one month after the instant Petition was filed, Petitioner filed additional documents showing that she filed a "Central Office Administrative Appeal" to the General Counsel dated September 20, 2009 appealing the Regional Director's denial; no response to that appeal is on file with the Court.  Doc. #3.  Her appeal to the General Counsel therefore is still pending; Petitioner has conceded that she has not exhausted her administrative remedies.  Doc. #1 at 3; Doc. #3.  Petitioner nonetheless urges the Court to waive the exhaustion requirement and consider the merits of her Petition.

Because it is not a jurisdictional prerequisite, the exhaustion requirement may be waived in limited circumstances.  See Laing, 370 F.3d at 998 & 1000-01 (listing circumstances under which waiver of exhaustion requirement may be appropriate, which include "when:  (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a [petitioner] has raised a substantial

3

constitutional question").

Here, Petitioner claims exhaustion would be futile "because the BOP issues a form letter of denial stating that the individual has been considered and denied based upon their individual RRC needs, while being told by [s]taff that they are being categorically denied."  Doc. #1 at 3.  Petitioner admits that "[r]esponses for those who have pursued administrative remedy reflect that they were considered on an individual basis" but claims, without offering any explanation why, "[t]hat is not the case."  Id. at 8.  Petitioner adds that because the "Deputy Director" is married to the warden, "[i]t is worst case Nepotism, where the Deputy Director is responsible for reviewing her husband's decisions, [such that] inmates cannot expect objective review of their administrative remedy."  Id.  Completely lacking any evidentiary support, Petitioner's conclusory allegations that exhaustion would be futile are unpersuasive and insufficient to excuse her failure to exhaust administrative remedies.

*//*
*//*
*//*
*//*
*//*
*//*
*//*
*//*

4

For the foregoing reasons, the Court finds Petitioner has not exhausted her administrative remedies and that she is not entitled to waiver of the exhaustion requirement.  Accordingly, the Petition for a Writ of Habeas Corpus under § 2241 is hereby DISMISSED without prejudice to Petitioner's filing a new habeas corpus action after exhausting the BOP's administrative appeals process.

IT IS SO ORDERED.

DATED    10/26/09                  _____
                                   THELTON E. HENDERSON
                                   United States District Judge

G:\PRO-SE\TEH\HC.09\Lee-09-3906-BOP-dismiss-exhaustion.wpd

5